Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| DRIVEN P.S.C., EN SU CARÁCTER DE SÍNDICO DE NODUS INTERNATIONAL BANK, INC.<br><br>APELADOS<br><br>V.<br><br>JUAN CARLOS MALDONADO BERMÚDEZ<br><br>APELANTE | TA2026AP00591 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV01914<br><br>Sobre: Cobro de Dinero (Procedimiento Ordinario) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1].

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2026.

**I.**

El 8 de junio de 2026, Juan Carlos Maldonado Bermúdez (Apelante), presentó una *Apelación Civil.*[2] En la misma solicitó que revoquemos la *Sentencia en Rebeldía* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido), el 28 de abril de 2026, notificada ese mismo día.[3] En su dictamen, el foro recurrido declaró Ha Lugar la *Moción de Sentencia en Rebeldía y la Demanda* presentada por la parte recurrida y ordenó el pago de la cantidad adeudada, en una suma no menor de $1,607,398.75, según desglosado en la misma.

En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas.***

---

[1] Ver Orden Administrativa OA DJ2025-063C, del 26 de mayo de 2026.
[2] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Véase entrada núm. 22 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

***Reglamento TA***, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), que le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho, procedemos a resolver.

**II.**

**A.**

El Art. 4.002 de la "Ley de la Judicatura de 2003", Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 2 *et seq.*, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar " [...] como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia." Asimismo, el inciso (a) del Art. 4.006 de la citada Ley dispone que este tribunal atenderá mediante recurso de *apelación*, toda sentencia final dictada por el Tribunal de Primera Instancia.

La apelación se presentará en un **término jurisdiccional** de **treinta (30) días**, contado a partir de la fecha del archivo en autos de la copia de la notificación de la sentencia, Regla 52.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, igual término está consignado en nuestro reglamento, Regla 13 (A) del Reglamento del Tribunal de Apelaciones, según enmendada**, *In re Aprob. Enmdas. Reglamento TA,*** supra, pág. 23. En aquellos casos en los que una parte haya presentado oportunamente una solicitud de reconsideración, el plazo para presentar la petición de *apelación* comenzará a transcurrir a partir de la fecha del archivo en autos de la copia de notificación de la resolución del Tribunal de Primera Instancia resolviendo la moción de reconsideración, Regla 47 de Procedimiento Civil *supra.* R. 47.

**B.**

En otro extremo, la jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012); ***Cordero et al. v. A.R.Pe. et al.,*** 187 DPR 445, 456 (2012). Véase, además, ***Beltrán Cintrón y otros v. Estado Libre Asociado***, 204 DPR 89 (2020). En reiteradas ocasiones, el Tribunal Supremo ha expresado que los tribunales tenemos siempre la obligación de ser celosos guardianes de nuestra propia jurisdicción, pues sin jurisdicción no estamos autorizados a entrar a resolver los méritos de un recurso. ***Shell v. Srio. Hacienda***, supra, págs.122-123; ***Cordero et al. v. A.R.Pe. et al.,*** supra, pág. 457. Véase, además, ***Mun. de San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014). Por tal razón, las cuestiones de jurisdicción deben ser resueltas con preferencia. ***Fuentes Bonilla v. ELA***, 200 DPR 364 (2018); ***González v. Mayagüez Resort & Casino,*** 176 DPR 848, 856 (2009).

Cuando el tribunal no tiene la autoridad para atender el recurso, sólo goza de jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom***, supra, pág. 660. Ello se debe a que la falta de jurisdicción trae consigo las siguientes consecuencias:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. ***Beltrán Cintrón y otros v. Estado Libre Asociado***, supra; ***Fuentes Bonilla v. ELA***, supra, págs. 372-373; ***González v. Mayagüez Resort & Casino,*** supra, pág. 855.

Nuestro Tribunal Supremo ha reiterado que un recurso tardío priva de jurisdicción al tribunal revisor. ***Yumac Home v. Empresas Masso***, 194 DPR 96, 107 (2015). Su presentación carece de eficacia,

por lo cual, no produce efecto jurídico alguno. Ello se debe a que en el momento en que fue presentado no había autoridad judicial alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001).

A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 116-117, nos autoriza a desestimar un recurso por falta de jurisdicción.

### III.

Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz de la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos desestimar el recurso por falta de jurisdicción.

En el caso de marras, el TPI emitió y notificó su sentencia el **28 de abril de 2026** y fue publicada en el periódico "*The San Juan Daily Star*" el **6 de mayo de 2026**. Conforme al término jurisdiccional de treinta (30) días dispuesto en la Regla 52.2 (a) de Procedimiento Civil, *supra* R.52.2. La parte recurrente tenía hasta el 5 de junio de 2026 para recurrir ante nos de dicha determinación. Empero, el recurso de epígrafe fue presentado el **8 de junio de 2026**, a saber, tres (3) días luego de vencido el plazo jurisdiccional que tenía para radicarlo. Así, la presentación del recurso fue tardía y ello nos priva de jurisdicción.

### IV.

Por los fundamentos esbozados, se desestima el recurso de Apelación de epígrafe, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones